UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN J. CREWS,

        Petitioner,

v.                                                              CASE NO. 04-CV-70841-DT
                                                                 HONORABLE DENISE PAGE HOOD

JOHN CASON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR REHEARING

      Petitioner Jonathan J. Crews has moved for a rehearing of the Court's opinion and order denying his habeas corpus petition. The motion challenges the Court's resolution of Petitioner's second habeas claim, which alleges that Petitioner's right to present a defense was violated because a tee shirt worn by the deceased murder victim was destroyed before trial. According to Petitioner, if the tee shirt had been available, it could have been examined for gunpowder residue. Petitioner maintains that the presence of gunpowder residue on the shirt would have supported the defense theory that the victim was shot point blank and, therefore, Petitioner could not have been the shooter.

      The pending motion alleges that the Court should not have deferred to the state court's decision when resolving Petitioner's second claim, because the Michigan Court of Appeals did not adjudicate the constitutional aspect of the claim. Petitioner alleges that the Court should have reviewed his claim *de novo* and then applied *Brady v. Maryland*, 373 U.S. 83 (1963), not *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988), to the facts. Petitioner would have the Court conclude under *Brady* that destruction of the evidence resulted in a constitutional violation,

irrespective of the prosecution's motive.

A motion for rehearing or reconsideration will not be granted unless the moving party can demonstrate that the Court was misled by a palpable defect and that correcting the defect will result in a different disposition of the case. Local Rule 7.1(g)(3) (E.D. Mich. Sept. 8, 1998). Petitioner has failed to make the necessary showing for the following two reasons.

First, the Court was not misled by a palpable defect when it applied *Youngblood* instead of *Brady*. The Supreme Court held in *Brady* that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. Due process requires a different result when the prosecution fails to preserve evidence, which could have been tested and which might have exonerated the defendant. *Youngblood*, 488 U.S. at 57. Failure to preserve potentially useful evidence violates due process only if the defendant can prove bad faith on the part of the police. *Id*. at 58.

The prosecution did not suppress available evidence; it inadvertently destroyed the disputed tee shirt. Therefore, *Youngblood* is the controlling Supreme Court decision on the issue, and the Court correctly considered whether the prosecution acted in bad faith.

Second, changing the amount of deference the Court gave to the state court's decision would not result in a different disposition of this case. The Court determined that the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. The Court would have denied relief even if it had reviewed Petitioner's second claim *de novo*, because the Court applied *Youngblood* to the facts and determined that the prosecution had not acted in bad faith. The Court then concluded that Petitioner was not

deprived of his constitutional right to due process as a result of the destruction of the victim's tee shirt.

Petitioner has failed to show that the Court was misled by a palpable defect and that correcting the defect would result in a different disposition of his case. Accordingly, the motion for rehearing [Doc. #47, Sept. 19, 2005] is DENIED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon Jonathan J. Crews, Reg No. 250287, Southern Michigan Correctional Facility, 4010 Cooper St., Jackson, Michigan 49201 on November 30, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager